**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GLACIER SALES AND
ENGINEERING, LLC,

    Plaintiff,

Case No. 07-CV-13806-DT

v.

HONORABLE DENISE PAGE HOOD

EAGLE PLASTICS CORPORATION,

    Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER
and
NOTICE OF HEARING ON
MOTION FOR PRELIMINARY INJUNCTION and
EMERGENCY MOTION FOR POSSESSION PENDING FINAL JUDGMENT**

**I.    BACKGROUND**

This matter is before the Court on Plaintiff Glacier Sales and Engineering, LLC's Motion for Temporary Restraining Order under Fed. R. Civ. P. 65 and Emergency Motion for Possession Pending Final Judgment pursuant to Fed. R. Civ. P. 64, M.C.R. Rule 3.105, and M.C.L. § 600.2920. Glacier seeks an order restraining Defendant Eagle Plastics Corporation, its owners, employees and other representatives, from damaging, destroying, stealing, moving, losing, concealing, disposing of, or using the Machinery, Molds and Inventory owned by Glacier which are currently in Eagle's possession. Glacier also requests a hearing for the issuance of the preliminary injunction and for its Emergency Motion for Possession Pending Final Judgment.

Glacier is in the business of molding/manufacturing various plastic products and selling them directly to its customers. (Verified Comp., ¶ 7) Glacier subcontracts the molding/manufacturing of the products to various suppliers, including Eagle. (Verified Comp., ¶ 8) On June 4, 2007, Glacier

entered into a Manufacturing and Supply Agreement with Eagle where Eagle agreed to manufacture certain products for Glacier, in accordance with Glacier's specifications. (Verified Comp., ¶ 11) Glacier provided Eagle with certain Machines and Molds in order for Eagle to manufacture the products intended for Glacier's customers. (Verified Comp., ¶¶ 11-12)

According to Glacier, Eagle has since become insolvent and/or could not obtain financing for manufacturing of Glacier's products and has ceased operations for Glacier. (Verified Comp., ¶ 13.a.) Glacier claims Eagle has failed to maintain proper insurance as agreed under the Agreement, terminated substantially all of its employees, ceased substantially all molding/manufacturing activities at all its facilities, refused access to its facilities by Glacier's representatives, failed to deliver the product, failed to provide timely production schedules, failed to provide adequate support for Glacier's production needs, and failed to properly maintain and secure Glacier's Machinery and Molds. (Verified Comp., ¶ 13.a. to m.) Glacier notified Eagle that the Agreement was terminated on August 25, 2007. Glacier has lost at least one contract with its customers and is on the verge of losing other contracts and customers. (Verified Comp., ¶ 15) Glacier cannot conduct its business without the Machinery, Molds and Inventory in the possession of Eagle. (Verified Comp., ¶ 17) Glacier claims it has present possessory interest in the Machinery, Molds and Inventory in the possession of Eagle. (Verified Comp., ¶ 18) Glacier is fearful that without immediate possession of the Machinery, Molds and Inventory, the property might be moved, lost, conveyed, stolen or otherwise used in a way to substantially impair their values. (Verified Comp., ¶ 19) Eagle has refused to surrender the possession of Glacier's Machinery, Molds and Inventory. (Verified Comp., ¶ 20)

II.     **ANALYSIS**

Rule 65(b) of the Federal Rules of Civil Procedures provides the Court with authority to issue a temporary restraining order as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. ...

Fed.R.Civ.P. 65(b).

Fed.R.Civ.P. 65(b) is clear that the possibly drastic consequences of a restraining order mandate careful consideration by a trial court faced with such a request. 1966 Advisory Committee Note to 65(b). Before a court may issue a temporary restraining order, it should be assured that the movant has produced compelling evidence of irreparable and imminent injury and that the movant has exhausted reasonable efforts to give the adverse party notice. *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Boddie v. Connecticut*, 401 U.S. 371 (1971); *Sniadach v. Family Finance Corp.*, 339 U.S. 337 91969); 11 Wright & Miller, Federal Practice and Procedure § 2951, at 504-06 (1973). Other factors such as the likelihood of success on the merits, the harm to the non-moving party and the public interest may also be considered. 11 Wright & Miller at § 2951, at 507-08.

As to the certification requirement under Rule 65(b), Glacier claims that Eagle has refused to surrender possession of Glacier's Machinery, Molds and Inventory and that it is fearful and apprehensive the property might be moved, lost, conveyed, stolen or otherwise used in a way to substantially impair their value before final judgment is entered. (Marazita Aff., ¶¶ 9-10)

Regarding the irreparable injury requirement, it is well settled that a plaintiff's harm is not

irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate. *Id.* at 511-512. "The loss of customer goodwill often amounts to irreparable injury because the damages flowing from such losses are difficult to compute." *Basicomputer,* 973 F.2d at 512.

In this case, Glacier claims that it will suffer irreparable harm because Eagle is unable to manufacture the products contracted for between the parties since Eagle is on the verge of closing its business. (Marazita Aff., ¶¶ 12-13) Glacier owns and has a present possessory interest in the Machinery, Molds and Inventory sitting inactive at Eagle's facilities. (Marazita Aff., ¶¶ 8, 14) Glacier fears that its property might be moved, lost, conveyed, stolen or otherwise used in a way to substantially impair their value before final judgment. (Marazita Aff., ¶ 9) Nick Marazita, Glacier's President, sent a letter to Colleen Dogariu, President of Eagle, dated September 3, 2007, indicating that an Eagle supervisor has informed Glacier's contract employee that sabotage was and is happening to Glacier's equipment. (Ex. 1 to Motions) Glacier also claims it will lose contracts, customers and reputation in the business community because Glacier is prevented from fulfilling its contractual obligations without the Machinery, Molds and Inventory. (Marazita Aff., ¶ 12)

The Agreement provides that either party may terminate the Agreement on written notice to the other party, effective immediately, if the other party is dissolved or liquidated, files or has filed against it a petition under any bankruptcy or insolvency law. (Agreement, Art. 7.2(b)) Upon expiration or termination of the Agreement, Eagle shall immediately discontinue production of the Product and provide Glacier immediate access to the Supplier's premises for the purpose of removing Glacier's Machinery. (Agreement, Art. 7.4(b)) Eagle agreed in the Agreement that

4

Glacier shall be entitled to an immediate writ of replevin without notice to Eagle and without posting a bond, to recover the Machinery if Glacier is not provided immediate access to the Machinery to effect its removal. (Agreement, Art. 7.4(b)).

Because Glacier has shown that it will suffer irreparable harm because its property might be sabotaged, moved, lost, conveyed, stolen or otherwise used in a way to substantially impair their value and Glacier is unable to fulfill its contracts with its customers with the Machinery, Molds and Inventory in possession of Eagle, the Court grants Glacier's Motion for Temporary Restraining Order. The Court will set a hearing date on Plaintiff's Motion for Preliminary Injunction given that a temporary restraining order under Fed. R. Civ. P. 65(b) expires by its terms within ten (10) days. Fed. R. Civ. P. 65(b). No security pursuant to Rule 65(c) need be posted based upon the Agreement between the parties. The Court will also hear Glacier's Emergency Motion for Possession Pending Final Judgment pursuant to M.C.R. 3.105(E).

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff Glacier's Motion for Temporary Restraining Order (**Filed September 10, 2007**) is GRANTED. No security is required to be posted.

IT IS FURTHER ORDERED that Plaintiff serve Defendant a copy of the Verified Complaint, Plaintiff's Motion for Preliminary Injunction, Plaintiff's Emergency Motion for Possession Pending Judgment and this Order, by **Thursday, September 13, 2007**. Defendant's response to the Motion for Preliminary Injunction and Emergency Motion for Possession Pending Final Judgment must be filed with the Clerk's Office and served by **Thursday, September 20, 2007.** Any reply to the response must be filed with the Clerk's Office and served by **Monday, September**

**24, 2007, 12 noon.**

IT IS FURTHER ORDERED that a **hearing on Plaintiff's Motion for Preliminary Injunction and Emergency Motion for Possession Pending Judgment is set for Tuesday, September 25, 2007, 2:15 p.m.** Proofs will be taken at that time if required by the parties.

IT IS FURTHER ORDERED that pursuant to Fed. R. Civ. P. 65(a) and M.C.R. 3.105(E)(2)(a), Defendant Eagle is enjoined and refrained from damaging, destroying, concealing, disposing of, or using so as to substantially impair the value of Plaintiff Glacier's property, including, but not limited to the property listed in Exhibits 1, 2 and 3 of the Verified Complaint. A violation of this Order may constitute contempt of the Court.

                                                s/ DENISE PAGE HOOD
                                                DENISE PAGE HOOD
                                                United States District Judge

DATED: September 11, 2007

TIME OF ISSUANCE: 9:20 a.m.

THE CLERK SHALL FILE THIS ORDER FORTHWITH

cc:    David W. Moore
       (Attorney for Plaintiff)