UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GLACIER SALES & ENGINEERING, LLC,**
a Florida corporation,

      **Plaintiff,**

Case No. 07-13806

v.

**HONORABLE DENISE PAGE HOOD**

**EAGLE PLASTICS CORPORATION**
a Michigan corporation,

      **Defendant.**

_____/

## AMENDED ORDER

Having reviewed the official transcript of the September 25, 2007 hearing on Plaintiff's Motion for Preliminary Injunction (Dkt. #2, filed on September 10, 2007) and Plaintiff's Emergency Verified Motion for Possession Pending Final Judgment (Dkt. #3, filed on September 10, 2007), the Court amends its November 15, 2007 Order as follows:

**IT IS ORDERED** that Plaintiff's Motion for Preliminary Injunction (Dkt. #2, filed on September 10, 2007) is **GRANTED** as specified in this Order. The Temporary Restraining Order, previously entered by the Court on September 11, 2007, shall be converted into a Preliminary Injunction until further order of the Court.

Specifically, Defendant is enjoined and refrained from damaging, destroying, concealing, disposing of, or using the "The Machinery," "Machine Inventory," "Material Inventory," and "Molds" listed in Exhibit 1 of Plaintiff's Motion for Preliminary Injunction. Defendant is also enjoined and refrained from damaging, destroying, concealing, disposing of, or using the Product

Inventory to which Plaintiff refers on pages 7 and 8 of the Complaint.[1]

Defendant shall insure that all of its agents, employees and representatives are made aware of such Preliminary Injunction and abide by the same.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Verified Motion for Possession Pending Final Judgment (Dkt. #3, filed on September 10, 2007) is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiff is granted immediate possession of the "The Machinery" and "Machine Inventory" (collectively "Machine Equipment") listed in Exhibit 1 of Plaintiff's Motion for Preliminary Injunction.

Plaintiff shall inform the Court at the December 17, 2007 Status Conference when it will remove the Machine Equipment from Defendant's facility. Plaintiff may inspect the Machine Equipment before its removal. Defendant shall fully cooperate with the inspection and removal of the Machine Equipment.

Any worker hired by Plaintiff for the removal and inspection of the Machine Equipment including Dan Roberts, shall be covered by liability insurance and workers' compensation insurance. Plaintiff shall submit proof of such coverage to Defendant's counsel before entering Defendant's facility. If the hired worker is a business owner who has waived workers' compensation insurance for himself pursuant to state law, Plaintiff shall submit a written waiver

---

[1] Plaintiff Glacier has not submitted a precise listing of Product Inventory to the Court. According to Glacier, it "has been prevented from viewing . . . [Defendant's] premises, and therefore cannot state the precise volume of [product] inventory." (Compl. ¶ 47.) The Product Inventory consists of finished goods, work in progress, and raw materials. (Compl. ¶ 48.)

of coverage to Defendant's counsel before entering Defendant's facility.

Defendant shall immediately return the "Molds" listed in Exhibit 1 of Plaintiff's Motion for Preliminary Injunction, upon written request from the Molds' owners, to the Molds' respective owners. On or before the December 17, 2007 Status Conference, Defendant shall submit proof of any shipped Molds to the Court.

The Court will rule on the possession of the Product Inventory to which Plaintiff refers on pages 7 and 8 of the Complaint, and the "Material Inventory" in Exhibit 1 of Plaintiff's Motion for Preliminary Injunction at a later date.

                                              s/ DENISE PAGE HOOD
                                              DENISE PAGE HOOD
                                              United States District Judge

DATED: November 27, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 27, 2007, by electronic and/or ordinary mail.

                                              S/William F. Lewis
                                              Case Manager